Filed 10/24/22 P. v. Gniech CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C095022 |
| Plaintiff and Respondent, | (Super. Ct. No. 21CR000018) |
| v. | |
| THOMAS BRETT ANTHONY GNIECH, | |
| Defendant and Appellant. | |

In July 2021, defendant Thomas Brett Anthony Gniech pleaded guilty to assault with a deadly weapon. (Pen. Code, § 245, subd. (a)(1).)[1]  Following his plea, the trial court sentenced defendant to the middle term of three years in state prison.  On appeal, defendant argues he is entitled to resentencing based on the amendments to section 1170,

---

[1] Undesignated statutory references are to the Penal Code.

1

subdivision (b). The Attorney General concedes the issue. We conclude the matter must be remanded for resentencing.

BACKGROUND

On January 5, 2021, while at his grandmother's home, defendant became agitated and threw a wooden plank at a woman who was helping his grandmother clean her home. The plank missed and defendant shoved the victim repeatedly; the victim was not injured. Defendant was arrested and charged with assault with a deadly weapon. (§ 245, subd. (a)(1).) It was further alleged that defendant had a prior conviction for a serious or violent felony.

After denying defendant's *Marsden*[2] motion, the trial court suspended criminal proceedings and appointed an expert to evaluate defendant's ability to stand trial. Defendant was found incompetent. As a result, in April 2021, the trial court committed defendant to the State Department of State Hospitals and ordered antipsychotic medication be administered. (§ 1370, subd. (a)(2)(B)(i).)

On July 19, 2021, the trial court determined that defendant's competence was restored and reinstated the criminal proceedings against him. That same day, defendant pleaded guilty to the sole charge of assault with a deadly weapon. In exchange for his plea, the prosecutor moved the court to dismiss both the remaining allegation and an unrelated pending matter (Tehama County case No. 20CR-2645) with a *Harvey*[3] waiver. The court granted the prosecutor's motion.

Following his plea, defendant asked the court to consider him for probation. Defendant wanted to obtain treatment through the behavioral health court. The court took the request under consideration, but the Tehama County Health Services Agency

---

[2] *People v. Marsden* (1970) 2 Cal.3d 118.

[3] *People v. Harvey* (1979) 25 Cal.3d 754.

found him ineligible for treatment because defendant "previously participated in a treatment court program, violated and was sentenced to state prison." The probation department echoed this finding, but noted defendant has "serious mental health issues that greatly impact his life."

As noted in the psychological evaluation completed by court-appointed psychologist Kent R. Caruso, Ph.D., defendant was previously diagnosed with schizophrenia. Dr. Caruso observed, "All indications are that [defendant] has been pervasively dysfunctional since at least his late, if not his mid-teens." Defendant told Dr. Caruso he began smoking marijuana "on a persistent basis at age 15, and methamphetamine, at the same rate, at age 19."

Defendant was unable to provide Dr. Caruso with much "insight" into his childhood experiences. Defendant indicated his father left when he was young and told Dr. Caruso he was "adopted by a woman who lived across the street from his biological mother when he was 17." Defendant also said he has three siblings but has no idea where they live or what they are doing.

On September 13, 2021, the court refused defendant's request for probation and sentenced him to the middle term of three years in state prison.

DISCUSSION

On appeal, defendant argues he is entitled to resentencing based on the amendments to section 1170, subdivision (b), by Senate Bill No. 567 (2021-2022 Reg. Sess.).[4] The Attorney General agrees, as do we. The matter shall be remanded for resentencing.

---

[4] Senate Bill No. 567 was enacted after Assembly Bill No. 124 (2021-2022 Reg. Sess.) and incorporated Assembly Bill No. 124's amendments to section 1170. (Stats. 2021, ch. 731, § 3(c).) Thus, Senate Bill No. 567 is the operative legislation and not Assembly Bill No. 124.

3

At the time of defendant's sentencing, section 1170, former subdivision (b) provided that "[w]hen a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the choice of the appropriate term shall rest within the sound discretion of the court." (Stats. 2020, ch. 29, § 14.) Senate Bill No. 567 amended this provision effective January 1, 2022, and divided it into parts. Section 1170, subdivision (b)(6) now provides in relevant part that "unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term," if, the trial court finds an offender's psychological, physical, or childhood trauma was a contributing factor in the offense.

We agree with the parties that amended section 1170, effective January 1, 2022, applies retroactively as an ameliorative change in the law that is applicable to all nonfinal convictions. (*People v. Flores* (2022) 73 Cal.App.5th 1032, 1039.) Defendant contends "he has had the misfortune of suffering from all three enumerated traumas . . . ." In addition to his drug use and diagnosed mental illness, defendant references his biological parents' mental illness and being put in the foster care system when he was eight years old.

At the time of sentencing, defendant was not entitled to a presumptive lower term upon a showing that he suffered a qualifying psychological, physical, or childhood trauma, and that trauma contributed to the commission of his crime. (§ 1170, subd. (b)(6).) Defendant thus had less incentive to develop a record regarding these issues. By the same token, the trial court had less incentive to assess whether psychological, physical, or childhood trauma was a contributing factor. (See *People v. Banner* (2022) 77 Cal.App.5th 226, 242, citing *People v. Frahs* (2020) 9 Cal.5th 618, 637-638.) As a result, the record before us does not make it clear the trial court would have imposed the middle term had section 1170, subdivision (b)(6) been in effect at the time. (*Banner*, at p. 242.) Therefore, we conclude remand is necessary.

We express no opinion as to whether defendant suffered qualifying trauma, or whether it in fact contributed to the commission of the crime, or whether imposing the lower term would be contrary to the interests of justice. "Those are questions best left to the trial court to answer in the first instance." (*People v. Banner, supra*, 77 Cal.App.5th at p. 242.)

## DISPOSITION

Defendant's conviction is affirmed. The sentence imposed is vacated and the matter is remanded for resentencing.

/s/
HOCH, J.

We concur:

/s/
MAURO, Acting P. J.

/s/
BOULWARE EURIE, J.

5